*104 Opinion of the Court, by
Judge Wallace.
A motion has been made for a rule upon the clerk, to show cause why he should not be attached for a contempt of this court, in certifying a diminished record as a full and complete transcript, in the case of Moore and January vs. Lockett, upon an appeal prayed from a decree of the Jessamine circuit court. This motion is grounded upon the clerk’s return to a certiorari, compared with the transcript first certified.
That the first certificate was of a record materially diminished, is evident. The power to enforce, by at *105 tachment, due obedience to every order, writ, or other process or proceeding of this court, is a necessary incident to its jurisdiction. Yet it is clear, that in certifying the first transcript, the clerk did not act under any order or precept directed to him from this court. He acted only under that general duty imposed by law, to give a fair and full transcript to the person applying. No doubt, from the circumstances of the case, he must have well understood that the transcript applied for was intended to be used in prosecuting the appeal prayed below; yet it is well worthy of consideration, whether, in certifying the first transcript, the clerk acted as an officer under the order or command of this court, expressed or implied, so that a mal-practice in that respect could be here punished. It seems, rather, that the contempt, if any, was committed against that court whose proper officer he was; that is to say, against the circuit court whose records he had in keeping. To that court, he owed it as a duty, to make and certify a fair and full transcript of their record and files. Until the transcript, or some evidence of the appeal, was lodged here, this court could not know of the appeal; and it would seem far-fetched, should we punish, as for a contempt of our authority, an act committed, or a culpable omission, before we had cognizance of the appeal. That habitual negligence and palpable omissions of duty, in giving out, or sending up here, diminished transcripts certified as full and complete, even where the clerk does not act in obedience to the precept of this court, may nevertheless amount to a breach of good behaviour in office, for which he might be removed, we have no hesitation to declare; but, because the constitution has confided to this court the power of removing from office in such cases, it does not therefore follow, that we can punish each individual case as a contempt. The legislature have the power of removal and impeachment of officers; but it does not seem to follow as a necessary consequence of such power, that they might punish, as for a contempt, a misdemeanor of a judge in his office.
If no corruption, wilful negligence beyond the ordinary circumstances of the case, nor palpable obstinacy, attend the transaction, it seems neither usual nor proper to interfere by way of attachment against officers, for their conduct in office; but rather to leave the party *106 complaining to his ordinary remedy. But when any of those ingredients manifestly appear, it would be the duty of that court which has jurisdiction, promptly to interfere, and correct such abuses and contempts of its authority.
The case moved, does not seem to require, nor to warrant the exercise of the powers of this court, in the way of attachment. The rule is therefore denied.